In the

# United States Court of Appeals

## For the Seventh Circuit

No. 04-2308

KARI SEHIE,

*Plaintiff-Appellee,*

*v.*

CITY OF AURORA,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 C 945—**Matthew F. Kennelly**, *Judge.*

ARGUED APRIL 13, 2005—DECIDED DECEMBER 27, 2005

Before BAUER, WOOD, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Kari Sehie, a former emergency dispatcher for the City of Aurora ("Aurora"), sued her former employer for claims arising from the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 207, 216 (2005). The parties stipulated to the facts and the district court entered judgment in favor of Sehie. The issue before us is whether the time Sehie spent attending and traveling to and from counseling sessions that Aurora mandated are compensable under the FLSA. We agree with the district court that this time is compensable, and affirm.

## I. BACKGROUND

Aurora hired Sehie as an emergency dispatcher in May 1994; her primary duty was to field 911 calls. Sehie worked in this position until she voluntarily resigned on June 12, 2001. This case does not focus on that resignation; rather, it involves an unscheduled absence from her work. At the end of Sehie's eight hour shift on December 14, 2000, her superiors instructed her to stay and work another shift because a co-worker was sick. Sehie protested, but her supervisor required her to stay nonetheless. A half-hour into the new shift, Sehie became very angry and upset because she was working another shift and abruptly left work. Between leaving work on December 14th and returning the next day, Sehie spoke with her therapist and took medication for her stress. When Sehie returned to work, she reported the absence as a work-related injury.

Aurora required Sehie to submit to a fitness for duty evaluation as a result of her leaving work on December 14th. The physician who performed the evaluation, Dr. Steven Stanard, said that Sehie was fit for duty, but recommended as a condition of her continued employment that she attend weekly psychotherapy for six months. Dr. Stanard further noted that after six months he would reevaluate Sehie. Aurora adopted Dr. Stanard's recommendations, and as a result ordered Sehie to see its therapist, Dr. Maria Nucci, outside of her regularly scheduled work hours. Sehie requested to see her own therapist, whom she had frequently consulted with, but Aurora refused Sehie's request. Between February 2001 and Sehie's resignation in June 2001, she attended 16 sessions with Dr. Nucci, spending an hour at each session. Sehie also spent two hours traveling back and forth by car to each session.

Sehie sued Aurora under the FLSA, claiming that Aurora should have paid her for the time she spent attending and commuting back and forth to the counseling sessions with Dr. Nucci, because this time was beyond her normal forty-

hour work week. The district court made its findings based on stipulated facts pursuant to Fed. R. Civ. P. 52(a). The district court ruled in favor of Sehie, concluding that the time she spent attending and traveling to and from the counseling sessions was compensable under the FLSA.

## II.  ANALYSIS

### A.  Standard of Review

When, as in this case, a district court enters judgment based on stipulated facts, the district court's decision is reviewed in accordance with Fed. R. Civ. P. 52(a). As such, we review the district court's legal conclusions *de novo* and review any findings of fact for clear error. *See Johnson v. West*, 218 F.3d 725, 729 (7th Cir. 2000); *see also Hess v. Hartford Life & Acc. Ins. Co.*, 274 F.3d 456, 461 (7th Cir. 2001). We will also review any application of the law to the facts for clear error. *Id.* We also review the district court's findings derived from stipulated facts for clear error. *TMF Tool Co., Inc. v. Siebengartener*, 899 F.2d 584, 588 (7th Cir. 1990).

### B.  Sehie's Counseling Sessions Were Necessarily and Primarily for the Benefit of Aurora.

The district court did not clearly err by finding that Sehie's counseling sessions were necessarily and primarily for the benefit of Aurora. Because the district court's determination of this issue involves a finding of fact and a finding derived from stipulated facts, we review for clear error. *Johnson*, 218 F.3d at 729.

The FLSA states that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation . . . at a rate not less than one and one-half times the regular rate at

which he is employed." 29 U.S.C. § 207(a)(1) (2005). While the FLSA defines "employ" to mean "to suffer or permit to work," the meaning of the term "work" is not defined by the Act. *See* 29 U.S.C. § 203(g) (2005); *see also* 29 C.F.R. § 785.6 (2005). However, the general rule is that an employee must be "paid for all time spent in 'physical or mental exertion, whether burdensome or not, controlled and required by the employer, and pursued necessarily and primarily for the benefit of the employer or his business.'" 29 C.F.R. § 785.7 (2005) (quoting *Tennessee Coal, Iron, & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944)). Subsequent to *Tennessee Coal*, the Supreme Court ruled that there need be no exertion at all, and that all hours that the employee is required to give his employer are hours worked, even if they are spent in idleness. *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944).

In any case, neither party disputes that Sehie physically or mentally exerted herself and that her employer required her to do so. However, Aurora argues that the counseling sessions were not pursued necessarily and primarily for its own benefit. Aurora contends that medical treatment always primarily and necessarily benefits the employee, and the fact that the medical treatment here was mandated by Aurora is inconsequential. Aurora also opines that the medical treatment was necessarily and primarily for the benefit of Sehie, because "[the mandatory treatment] minimizes the prospect that she would again abandon her job and lose her job as a result." We disagree. Attendance at the sessions was a mandatory condition of Sehie's continued employment. This requirement, combined with the fact that Aurora was short of telecommunications staff, creates a strong inference that the counseling sessions were for Aurora's benefit. In addition, Aurora would not let Sehie see her own therapist, with whom she had a prior medical relationship. We find it odd that Aurora would not let Sehie see her own therapist if Aurora believed that these counsel-

ing sessions were for her benefit. Furthermore, instead of permitting Sehie to see her own therapist (presumably at her own cost), Aurora paid for 90 percent of the cost of each counseling session with Dr. Nucci.

Also, the record establishes that the purpose of the required counseling sessions was to enable Sehie to perform her job duties and relate to co-workers more effectively and at a higher skill level by addressing what Dr. Stanard observed as personality deficiencies and problems that predated the events of December 14, 2000. Sehie was known to have had several "frictional" episodes with others on the job. It was not clearly erroneous for the district court to conclude that the purpose of these counseling sessions was for Aurora to help Sehie avoid and manage these type of emotional problems, and in doing so to ensure that Sehie properly responded to emergency calls and stayed on the job in a position that was short-staffed. These reasons all primarily benefit Aurora. We emphasize the very fact-specific nature of our inquiry here. By no means does our ruling mean that every time an employer gets help for its employees, the employee must be compensated for hours worked. Our holding here is narrow, and we cannot say that the district court finding was clearly erroneous.

## C.  Work-Related Injury and 29 C.F.R. § 785.43

We also decline to find as a general rule that 29 C.F.R. § 785.43 prevents compensation for the time an employee spends during non-working hours receiving employer-required treatment for a work-related injury. As this issue involves a question of law, our review is *de novo*. *Johnson*, 218 F.3d at 729. 29 C.F.R. § 785.43 (2005) reads:

> Time spent by an employee in waiting for and receiving medical attention on the premises or at the direction of the employer during the employee's

normal working hours on days when he is working constitutes hours worked.

Aurora argues that this regulation stands for the proposition that an employee who receives treatment for a work-related injury can receive compensation *only if* the treatment is required by the employer *and* it occurs during the employee's scheduled hours of work. In contrast, Sehie argues that § 785.43 proposes a definition of "hours worked" in one particular situation out of many, and is not, as the district court noted, an "all encompassing regulation that defines the entire universe of what is and what is not hours worked." We disagree with Aurora's rigid reading of this regulation, and agree with the district court.

To support its position, Aurora has presented us with several Department of Labor ("DOL") opinions that it contends support its argument. In one DOL opinion letter dated March 12, 1987, a fire department sought the DOL's advice regarding its policy requiring fire personnel, prior to returning from sick leave, to visit their private physician and obtain a certificate stating that they were able to return to duty. The fire department further mandated that the employee must receive this certificate during off-duty hours. The fire department inquired as to whether the time the employee spent obtaining this certificate constituted "hours worked" under the FLSA. The DOL opinion letter cited § 785.43 and stated that in order for the time waiting for or receiving medical attention or treatment to be compensable, it must occur during working hours. *See Hours Worked/Medical Certificates*, 6A Labor Relations Reporter, Wages & Hours Manual (BNA) at 99:5161 (Dep't of Labor, Mar. 12, 1987). Other opinion letters that Aurora cited also propose that in order for time spent treating a work-related injury to be compensable under the FLSA, the employee's visit to a doctor must be at the direction of the employer and it must occur during the employee's normal work hours. *See Firefighters/Hours Worked*, 6A Labor

Relations Reporter, Wages & Hours Manual (BNA) at 99:5181 (Dep't of Labor, Sept. 10, 1987); *Opinion Letter Fair Labor Standards Act (FLSA)*, 1994 WL 1004851 (Dep't of Labor, July 15, 1994).

We are unpersuaded by Aurora's reliance on these DOL opinions. First, we are not bound by informal administrative opinions. "Interpretations such as those in opinion letters—like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law—do not warrant *Chevron* [*U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984)]-style deference." *Christensen v. Harris County*, 529 U.S. 576, 587 (2000). In addition, there is no "conclusive mystique" in the informal publications of the DOL opinion letters which could be substituted for an act of Congress. *See Marshall v. Rosemont*, 584 F.2d 319, 321 (9th Cir. 1978).

In addition, Sehie can easily point to other DOL opinions supporting her position. As acknowledged by the district court, the DOL has also issued opinions concluding that when an employer requires an employee to attend physical or mental examinations, including psychiatric examinations, during non-working hours as a condition of continued employment, the time spent undergoing such examinations constitutes "hours worked" and is therefore compensable under the FLSA. *See Required Physical Examinations/Hours Worked*, Wages & Hours Manual (BNA) (Dep't of Labor, Oct. 7. 1997); *Police/Hours Worked*, Wages & Hours Manual (BNA) (Dep't of Labor, Aug. 2, 1989); *Hours Worked/Medical Exams*, WH-263 (Dep't of Labor, Apr. 4, 1973). For example, in one letter the DOL concluded that time spent undergoing mandatory psychiatric examinations outside of working hours must be counted as "hours worked." The DOL explained its reasoning as follows:

Q.1   You seek to know whether medical or psychi-
atric examinations which are conducted
outside of working hours and which the City's
police officers are required to have
are compensable under FLSA.

A.1   Generally, it may be said that whenever an
employer imposes special requirements or
conditions that an employee must meet before
commencing productive work, the time spent
in fulfilling such special conditions is re-
garded as indispensable to the performance of
the principal duty the employee is hired to
perform. Included in this category are re-
quired medical or psychiatric examinations.
Time spent in taking such examinations is
time during which the employee's freedom of
movement is restricted for the purpose of
servicing the employer and time during which
the employee is subject to the employer's
direction and control. Therefore, such time
spent must be counted as hours worked under
FLSA.

*See Police/Hours Worked*, Wages & Hours Manual (BNA)
(Dep't of Labor, Aug. 2, 1989).

Furthermore, Aurora has presented no case law in
support of its opinion, and it fails to cite 29 C.F.R. § 785.1
(2005), another regulation pertaining to the FLSA, which
supports a more expansive reading of § 785.43. 29 C.F.R. §
785.1 reads in part:

This part discusses the principles involved in
determining what constitutes working time. It
also seeks to apply these principles to situations
that frequently arise. *It cannot include every possi-
ble situation. No inference should be drawn from the*

*fact that a subject or an illustration is omitted.* (emphasis added)

The conflicting nature of the DOL opinions addressing this issue leads us to the conclusion that Aurora's interpretation of § 785.43 is too rigid, and only constitutes some of the universe of what constitutes "hours worked." Because § 785.43 does not bar relief here, Aurora is not able to circumvent the authority of § 785.7. In this case, Aurora must pay Sehie for any (1) physical or mental exertion; (2) controlled and required by the employer, and (3) pursued necessarily and primarily for the benefit of the employer. As we explained earlier, the mandatory counseling sessions that Sehie attended, at the direction of Aurora, clearly satisfies these requirements and is thus compensable under the FLSA.

The district court also held that even if section 785.43 could be read to prevent compensation where the time an employee spent receiving employer-required medical treatment for a work-related injury occurs during non-working hours, Sehie never suffered a work-related injury on December 14, 2000. Because we decline to establish a general rule holding that § 785.43 bars compensation when an employee complies with a mandatory medical treatment order on non-work time, we need not address this argument, for it is moot in light of our analysis.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*